UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| RHONDA MAXWELL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV424-046 |
| SPECTRUM HEALTH SYSTEMS, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Rhonda Maxwell filed a Complaint alleging that she was discriminated against by her employer, based on her disability, and retaliated against. *See* doc. 1 at 3, 5. She also moved to pursue this case *in forma pauperis*. Doc. 2. The Court directed her to supplement that application, to clarify her financial status. Doc. 6. She complied. Doc. 7. After reviewing plaintiff's supplemental application, she does not appear indigent and her motion for leave to proceed IFP, as supplemented, should be **DENIED**. Docs. 2 & 7.

Maxwell's supplemental application, which is not attested under penalty of perjury, *see* doc. 7 at 1, discloses that she receives approximately $1,817 per month in income and disability insurance

payments, *id.* at 1-2.  She discloses that she has $1,000 in a checking account.  *Id.* at 2.  She also discloses average monthly expenses.  *See id.* at 4.  The disclosed expenses are somewhat confusing: she does not disclose any housing expenses, estimates that she spends $200 per month on clothing, and $2,000 per month on medical and dental expenses.  *Id.* at 4.  In total, her disclosed monthly expenses exceed her disclosed monthly income by almost $2,500.  It is unclear from her application how she can sustain that discrepancy.  The Court might require further clarification of her financial status, but, because she has more than sufficient funds available to pay the required filing fee, persistent concerns about her cash flow are moot.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship.  *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages). Two important

points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts have discretion to afford litigants IFP status; it is not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary). Given that Maxwell discloses that she has sufficient available funds to pay the Court's filing fee, she is not indigent. Accordingly, her application to proceed *in forma pauperis* should be **DENIED**.[1] Doc. 2. Should the assigned district judge agree

---

[1] If Plaintiff believes that further information about her financial situation might alter the Court's analysis, her opportunity to object to this Report and Recommendation, discussed below, provides her one final opportunity to clarify it. She is reminded that any submission regarding her finances must be truthful. To the extent that Maxwell wishes to provide additional financial information, she may complete another Form AO 239 (Application to Proceed in District Court Without

with this recommendation, Plaintiff should be afforded 21 days from the date of the district judge's order to pay the filing fee.  *See* S.D. Ga. L. Civ. R. 4.2(2).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

---

Prepaying Fees or Costs (Long Form)).  The Clerk is **DIRECTED** to send Maxwell a blank copy of Form AO 239 with this Report and Recommendation for her convenience.  To the extent that she wishes to amend any of her prior disclosures, she must also explain why she did not fully or accurately disclose the information on her prior applications.

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of March, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA